IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARIS MOULE, On Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>BP CORPORATION NORTH AMERICA, INC., BP AMERICA, INC., BP p.l.c., BP CORPORATION NORTH AMERICA INC. SAVINGS PLAN INVESTMENT OVERSIGHT COMMITTEE, ANTHONY B. HAYWARD, LAMAR MCKAY, GREGORY T. WILLIAMSON, STEPHANIE C. ATKINS, RICHARD DORAZIL, NEIL SHAW, THOMAS L. TAYLOR, STATE STREET BANK AND TRUST and JOHN DOES 1-10,<br><br>　　　　　　　　　Defendants. | No.: 10 C 3990<br><br>Related Cases:<br><br>10 C 4026<br>10 C 4264<br>10 C  4337<br>10 C 4390<br>10 C 4448<br><br>Judge Rebecca R. Pallmeyer |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR (1) CONSOLIDATION OF THE RELATED ERISA ACTIONS
AND (2) APPOINTMENT OF INTERIM CO-LEAD AND LIAISON COUNSEL**

Plaintiffs, Charis Moule, Jerry T. McGuire, and Maureen S. Riely ("Plaintiffs"), submit this memorandum in support of their motion for: (1) consolidation of the above-captioned actions under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 502(a)(2) ("ERISA Actions"); (2) appointment of Milberg LLP ("Milberg"), Harwood Feffer LLP ("Harwood") and the Lanier Law Firm ("Lanier") as Interim Co-Lead Counsel; and (3) appointment of Miller Law LLC ("Miller Law") as Interim Liaison Counsel, for a proposed class of participants in and beneficiaries of the BP Employee Savings Plan ("ESP"), BP Capital Accumulation Plan ("CAP"), BP Partnership Savings Plan ("PSP"), and BP DirectSave Plan ("DSP") (collectively, "Plan" or "Plans"). A proposed order ("Proposed Order") is attached as Exhibit 1 to Plaintiffs' Motion.

## INTRODUCTION

On June 28, 2010, Moule filed the first ERISA class action in this Court. Thereafter, five other similar class actions were commenced in this District by other Plan participants and beneficiaries ("Participants") against the Plan fiduciaries ("Defendants") and, solely through Plaintiffs' counsels' efforts and pursuant to motions filed by Moule, those subsequently filed actions have been found to be related and assigned to this Court.[1] Moule intends to move to

---

[1] Those actions are: *McGuire v. BP Corp. North America, Inc., et al.*, 10-cv-04337 (N.D. Ill. July 13, 2010); *Riely v. BP Corp. North America, Inc., et al.*, 10-cv-04448 (N.D. Ill. July 16, 2010); *Arshadullah v. BP p.l.c., et al.*, 10-cv-040206 (N.D. Ill. June 29, 2010); *Humphries v. BP Corp. North America, Inc., et al.*, 10-cv-04264 (N.D. Ill. July 9, 2010); and *Mineman v. BP Corp. North America, Inc., et al.*, 10-cv-04390 (N.D. Ill. July 14, 2010). In addition, the related actions, as well as the *Whitley* action, have been designated by Defendants as related cases in MDL 2179 (*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*) and MDL 2185 (*In re BP p.l.c. Sec. Litig.*). Plaintiffs have opposed the consolidation of the related actions with the actions in MDL 2179 and MDL 2185 through both written submissions and oral argument before the Panel on July 29, 2010.

Ralph Whitley brought a similar ERISA action on June 24, 2010, in the Southern District of New York. His action, *Whitley v. BP p.l.c., et al*., 10-cv-04935 (S.D.N.Y. June 24, 2010), is the subject of Moule's MDL motion to transfer all the actions to this Court. *See* MDL No. 2189.

relate any additional actions that allege breaches of fiduciary obligations by Defendants involving the same or similar issues of fact or law.

Each of the ERISA Actions is substantially similar. Each follows the detailed format and comprehensive allegations in *Moule*, that Defendants breached their fiduciary duties under ERISA in connection with the Plans' holdings of billions of dollars of American Depository Shares ("ADSs") in BP p.l.c., which has extensive contacts in the U.S, including its subsidiaries, BP Corp. North America, Inc. and BP America, Inc. (collectively referenced herein as, "BP"). Each alleges Defendants knew or should have known that investment in BP equity was – and continues to be – an imprudent investment of the Plans' assets. Each complaint seeks relief pursuant to ERISA on behalf of the Plans and their Participants for losses sustained as a result of Defendants' alleged breaches of fiduciary duty.

Each of the Plaintiffs invested in the Plans as Participants as a means of saving for their retirement and suffered losses as a result of Defendants' breaches of fiduciary duties relating to the Plans. Proposed Interim Co-Lead and Liaison Counsel are counsel in three of the related actions currently before this Court. Plaintiffs and their counsel are committed to litigating this case to recover losses sustained by Participants and understand their legal duties under ERISA to pursue recovery of such losses. Plaintiffs, with the assistance of dedicated and experienced counsel, have already worked to investigate and file complaints on behalf of Participants and organize these cases in order to move the litigation forward.[2]

To promote judicial economy, Plaintiffs first seek to consolidate, pursuant to Fed. R. Civ. P. Rule 42(a), all pending and later-filed ERISA Actions that are or will be before this Court.

---

[2] This Court approved Moule's Stipulation with Defendants regarding service of process and Defendants' time to respond to the Complaint. Moule's counsel have been coordinating similar

Because of the substantial legal and factual similarities among the ERISA Actions (all of which seek to proceed as class actions on behalf of the Plans and their Participants), the ERISA Actions should be consolidated for all purposes.

Plaintiffs also seek the appointment of the Milberg, Harwood, and Lanier firms as Interim Co-Lead Counsel and Miller Law as Interim Liaison Counsel on behalf of the proposed ERISA class. These firms have extensive, collective experience litigating ERISA class actions and other complex class and mass litigation, and have demonstrated their commitment to this action and willingness to go to trial. Moreover, the proposed Co-Lead team will promote efficiency and enhance judicial economy as two of the three proposed co-lead firms are also involved in parallel BP-related litigation which will provide channels for discovery coordination, where appropriate. In this respect, the firms in the proposed leadership structure have coalesced their respective expertise to create a formidable litigation team on behalf of Participants. Importantly, these firms have worked cooperatively and successfully with each other on many other complex cases (including prior litigation involving BP and related entities) and each of these firms is ready and able to dedicate the substantial financial resources, time and personnel required to bring this significant case to a successful conclusion. Indeed, these firms have already committed and expended substantial resources in connection with this litigation. The successes of each firm are included in their respective firm resumes attached to the Motion as Exhibits 2 through 5.

The firms' past litigation experience underscores their ability to advance the interests of the plaintiff class and to prosecute this action vigorously. For example, Milberg recently tried *In re Vivendi Universal, S.A. Sec. Litig.*, 02-5571 (S.D.N.Y.) to verdict and the jury's finding of liability created a potential $9.3 billion dollar recovery. Harwood recently tried *Brieger v.*

---

Stipulations for the later-filed actions. Counsel for Plaintiffs will appear before the Court on

*Tellabs*, 06-1882 (N.D. Ill), one of only two ERISA stock-drop class actions to go to trial. Lanier is recognized for its vast trial experience having tried many cases involving, *inter alia*, pharmaceutical liability, antitrust, business fraud, asbestos exposure, serious personal injuries, product liability, and toxic exposure. Miller Law recently successfully concluded a securities fraud class action jury trial in this District. *Jaffe v. Household Int'l. Inc.*, 02-cv-05893 (N.D. Ill.). Importantly, the proposed Interim Co-Lead Counsel, Milberg, Harwood, and Lanier have already encouraged and will continue to encourage coordination and cooperation of this action with the appreciation that the other firms in the ERISA Actions consist of well-respected, highly capable attorneys who have served in leadership roles with the Milberg, Harwood, Lanier and/or Miller Law firms in other litigation.

Notably, Milberg and Harwood obtained an extremely valuable recovery in another ERISA class action involving the oil industry, *In re Royal Dutch/Shell Transport ERISA Litig.*, 04-1398-JWB (D.N.J.), where the firms achieved a settlement for plan members in excess of $90 million. At the settlement fairness hearing, the Court remarked on the skill and efficiency of class counsel in the prosecution of the case, stating they were:

> highly experienced and highly skilled in matters of this kind. Moreover, in this case it showed. Those efforts were vigorous, imaginative and prompt in reaching the settlement of this matter with a minimal amount of discovery . . . . So both skill and efficiency were brought to the table here by counsel, no doubt about that.

Accordingly, Plaintiffs respectfully submit it would be in the best interest of the proposed class to: (1) consolidate the ERISA Actions and any related action(s) subsequently filed in or transferred to this District; (2) appoint Milberg, Harwood, and Lanier as Interim Co-Lead Counsel; and (3) appoint Miller Law as Interim Liaison Counsel.

## **ARGUMENT**

---

September 27, 2010 for a Rule 16 Conference.

### A. Consolidation Of The ERISA Actions

Federal Rule 42(a) provides, in relevant part, that actions involving common questions of law or fact may be consolidated to avoid unnecessary costs or delay. The ERISA Actions assert substantially similar claims under ERISA against Plan fiduciaries, involve common questions of law and fact, and each allege that Defendants breached their duties to Participants in connection with the Plans' investments in BP equity. Consolidation of the ERISA Actions will greatly facilitate resolution of the claims alleged in the class actions. Although some of the actions involve a number of different BP plans, the classes on whose behalf the actions are brought are substantially similar. Likewise, although not all of the actions involve the same defendants, contemplate a jury trial, or allege the same class period, if there are any differences, the filing of a consolidated complaint should remedy any disparities. Since the ERISA Actions arise from a common core of Defendants' wrongful conduct, there are substantial pre-trial proceedings which can and should be coordinated. Plaintiffs believe that judicial economy will be promoted by consolidation. Where multiple actions turn on allegations that fiduciaries breached their ERISA duties to plan participants, consolidation under Rule 42(a) is appropriate. *See, e.g., Brieger v. Tellabs*, No. 06-1882 (N.D. Ill Aug. 26, 2006) (Dkt. No. 36) (consolidating breach of fiduciary actions). The ERISA Actions should therefore be consolidated pursuant to Rule 42(a).

### B. The Proposed Leadership Structure

Rule 23(g)(1)(A) specifies that in appointing class counsel, a court must consider:

  (i)   The work counsel has done in identifying or investigating potential claims in the action;
  (ii)  Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;
  (iii) Counsel's knowledge of the applicable law; and
  (iv)  The resources counsel will commit to representing the class.

As stated in the *Manual*, in determining lead counsel, the court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Id*. at § 10.22.

In accordance with Rule 23(g), Plaintiffs propose the appointment of Milberg, Harwood and Lanier as Interim Co-Lead Counsel and Miller Law as Interim Liaison Counsel:

| *Liaison Counsel* | *Co-Lead Counsel* | | |
|---|---|---|---|
| **MILLER LAW LLC**<br>115 S. LaSalle Street<br>Suite 2910<br>Chicago, IL 60603<br>Tel: (312) 332-2400 | **MILBERG LLP**<br>One Penn Plaza<br>New York, New York<br>10119<br>Tel: (212) 594-5300 | **HARWOOD FEFFER LLP**<br>488 Madison Avenue<br>New York, New York<br>10022<br>Tel: (212) 935-7400 | **THE LANIER LAW FIRM, P.C.**<br>6810 FM 1960 West<br>Houston, TX 77069<br>Tel: (713) 659-5200 |

Plaintiffs support this proposed leadership structure because the firms each have a long and proven history of working together to attain successful results in many ERISA class actions and other complex litigation. Plaintiffs further submit that the proposed leadership structure easily satisfies Rule 23(g)(3), which provides for the designation of interim class counsel to act on behalf of a proposed class before the determination of whether the action is to be certified to proceed as a class action.

### C. Procedures For Captioning And Filing Documents

Plaintiffs further request that the Court establish procedures for the captioning, filing and docketing of papers in these related actions, and in any cases hereafter filed in or transferred to this Court. These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions. Such procedures, designed to

enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See Manual for Complex Litigation* (4th ed. 2004) ("*Manual*") § 21.12.

The Proposed Order provides that Interim Co-Lead Counsel will be responsible for filing the consolidated complaint that shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein. As discussed above, the consolidated complaint will remedy any disparities among the actions as currently filed.

### D. Plaintiffs' Proposed Leadership Structure Satisfies Rule 23(g)(1)(A)'s Requirements And Is In The Best Interests Of The Participants

#### 1. Milberg, Harwood and Lanier Have Demonstrated Their Strong Commitment To Identify And Investigate Potential Claims

Under Rule 23(g)(1)(A), the first factor focuses on whether counsel has worked to advance the litigation. This factor strongly militates in the favor of the appointment of Milberg, Harwood and Lanier as Interim Co-Lead Counsel for the proposed class. Each firm has dedicated substantial resources and taken significant steps in identifying and investigating the claims set forth in these actions. The firms' attorneys and staff (including full-time private investigators, financial analysts, and electronic discovery experts) continue to investigate extensively Defendants' alleged wrongdoing. For example, proposed Interim Co-Lead Counsel have: (i) reviewed and analyzed documents relating to the Plans; (ii) monitored and reviewed Congressional hearings and testimony; (iii) notified the Department of Labor regarding the pendency of the actions; (iv) interviewed members of the class as well as potential witnesses; (v) requested documents under ERISA § 104(b)(4) certain of which Defendants have agreed to produce in response to that request; (vi) retained a consultant to assist counsel on financial/damages issues; (vii) conducted research regarding Defendants' roles as fiduciaries;

and (viii) coordinated with counsel in other cases against BP arising from the oil spill. In addition, the proposed Interim Co-Lead Counsel have already communicated with Defendants' counsel with respect to various case matters and will further confer with them to plan for the upcoming Rule 16 Conference. Additionally, three of the four proposed co-lead and liaison firms have worked collegially to resolve other cases with Kirkland & Ellis and/or Sullivan & Cromwell LLP, counsel for the Defendants in this case. The firms' investigation is ongoing and proposed Interim Co-Lead Counsel are fully-committed to making the necessary investment in this litigation and vigorously prosecuting Plaintiffs' claims.

The respective experience of each firm, as well as the results achieved within prior cases in which the firms have worked together pursuing ERISA class actions and other complex litigation like this, makes the proposed Interim Co-Lead and Liaison Counsel well suited to work together here. *See* firm resumes attached to the Motion as Exhibits 2-5. *See also* Exhibit 6 attached hereto (sampling of cases that the firms have or are prosecuting together).

### 2. Milberg, Harwood, Lanier, And Miller Law Are Experienced In Class Actions And Other Complex Litigation And Are Well-Versed In The Pursuit Of Claims Like Those Asserted Herein

Rule 23(g)(1)(A)'s second and third factors address counsel's class action experience and knowledge of applicable law. These factors strongly favor the proposed Interim Co-Lead Counsel. Milberg, Harwood, and Lanier are highly regarded complex and class action firms with well-established records of successfully resolving class actions and other complex litigation.

#### a. Milberg LLP

Milberg is a recognized leader in complex class actions. The firm has substantial experience in litigating ERISA class actions, including ERISA actions involving the oil industry. This firm also has a well-known record of successfully pursuing financial, accounting and securities fraud matters, which are highly relevant to this litigation. Indeed, recent independent

studies ranked Milberg second for recoveries totaling approximately $1.4 billion in 2009 and in the top five for recoveries totaling approximately $253 million in 2008 (*see* http://www.risk metrics.com). In October 2009, Milberg commenced trial on behalf of the institutional lead plaintiff in *In re Vivendi Universal, S.A. Sec. Litig.* On January 29, 2010, after approximately four months of trial, *Vivendi* became one of only nine securities class actions that have been tried to verdict. The jury's finding of liability created a potential $9.3 billion dollar recovery, which would be the largest jury verdict in the history of securities class action litigation. In this District, in 2007, Milberg received final court approval of a settlement with Sears, Roebuck and Co. for $215 million. *In re Sears, Roebuck & Co. Sec. Litig.*, 02-CV-7527 (N.D. Ill.).

Milberg has taken a leading role among law firms in pursuing employee lawsuits and ERISA violations on behalf of participants and beneficiaries in employer-sponsored benefit plans. The firm has served or currently serves as lead or co-lead counsel in many ERISA class actions and has recovered substantial sums in these matters in addition to bringing about significant structural changes to employee benefit plans.

Notably, Milberg, on behalf of its clients, recently settled a class action against the General Electric Company ("G.E.") and the fiduciaries of G.E.'s 401(k) plan on behalf of participants and beneficiaries that claimed the company imprudently invested the assets of their retirement savings plan in company stock. The settlement resulted in important structural changes to G.E.'s 401(k) plan at a cost in excess of $30 million to GE plus $10.15 million in cash for former participants in the 401(k) plan. The benefits under the settlement have been valued by an independent valuation consultant to be in excess of $117 million. The settlement benefits more than 300,000 current and former employees. *In re General Electric Co. ERISA Litig.*, 06-cv-315 (N.D.N.Y. Aug. 6, 2009). In granting final approval of the settlement, the court

not only recognized "the complexity concerning alleged violations of ERISA in class action cases," but also acknowledged "the quality of class counsel."

As mentioned above, Milberg has experience litigating cases involving problems in the oil industry, experience that will prove valuable in the BP litigation. In *In re Royal Dutch/Shell Transport ERISA Litig.*, an ERISA breach of fiduciary duty class action against the Royal Dutch/Shell Oil Group of Companies on behalf of certain of the company's U.S. employees invested in the company stock fund, Milberg (along with Harwood) obtained a settlement of $90 million, representing approximately 80% of the class' claimed loss. This was one of the largest recovered amounts obtained in an ERISA breach of fiduciary duty case. Importantly, the settlement included provisions that required the corporate defendants to implement structural changes, including procedures regarding the monitoring and training of ERISA fiduciaries. In another prominent oil-related litigation, *In re Exxon Valdez*, No. 89-095 (D. Alaska) and *In re Exxon Valdez Oil Spill Litigation*, 3 AN-89-2533 (Alaska Sup. Ct. 3d Jud. Dist.), Milberg was a member of the plaintiffs' coordinating committee and co-chair of the plaintiffs' law committee in the massive litigation resulting from the Exxon Valdez oil spill, where the jury returned a multi-billion verdict.

Milberg also serves or has served as Co-Lead Counsel, Executive Committee Member or Plaintiff's Counsel for participants in defined contribution retirement plans in ERISA litigation across the country. Milberg's experience prosecuting similar claims will prove invaluable in uncovering and assessing the problems plaguing BP. For instance, Milberg also has experience prosecuting prominent ERISA class actions involving: Morgan Stanley (Co-Lead Counsel) (S.D.N.Y.); Boston Scientific Corp. (Co-Lead Counsel) (D. Mass.); Macy's, Inc. (Co-Lead Counsel) (S.D. Ohio); Wellpoint, Inc. (Executive Committee) (S.D. Ind.); Fremont General,

Corp. (Plaintiffs' Counsel) (C.D. Cal.); Citigroup Pension (Plaintiffs' Counsel) (S.D.N.Y.); Citigroup 401(k) (Plaintiffs' Counsel) (S.D.N.Y.); Merrill Lynch (Plaintiffs' Counsel) (S.D.N.Y.); Constellation Energy Group, Inc. (Plaintiffs' Counsel) (D. Md.); Colonial Bancgroup (Plaintiffs' Counsel); Textron, Inc. (Plaintiffs' Counsel) (D.R.I.); and Keycorp (Plaintiffs' Counsel) (N.D. Ohio).

### b. Harwood Feffer

Harwood has taken a leading role among law firms in pursuing employee lawsuits and ERISA violations on behalf of participants and beneficiaries in employer-sponsored benefit plans and has obtained substantial recoveries in that regard. For example, as noted *supra*, Harwood (along with Milberg) achieved a settlement that included significant structural plan changes and recovered more than $90 million (representing approximately 80% of the class' claimed loss) for plan participants in *In re Royal Dutch/Shell Transport ERISA Litig*.

Indeed, Harwood has been at the forefront of advancing federal jurisprudence involving breach of fiduciary duty claims under ERISA. For instance, in *Graden v. Conexant Sys. Inc.*, 05-cv-0695 (D.N.J.), Harwood served as sole lead counsel, and by virtue of its argument before the Third Circuit Court of Appeals, precedent was set in that Circuit that former employees who had cashed out of a defined contribution plan retain standing as participants to sue on behalf of the plan. *See Graden v. Conexant Sys. Inc.*, 496 F.3d 291 (3d Cir. 2007).

The precedent established in *Graden* now extends well beyond the Third Circuit, as Harwood successfully defeated a petition for a *writ of certiorari* before the United States Supreme Court in that matter. *See Conexant Sys. v. Grade*n, 128 S. Ct. 1473 (2008). Similarly, in an opinion issued in another ERISA action where Harwood serves as sole lead counsel, the Fourth Circuit joined its sister circuits in holding that participants in defined contribution retirement plans that cashed-out former employees have statutory and Article III standing to

recover amounts they claim should have been in their accounts had it not been for alleged fiduciary impropriety. *See In re Mutual Funds Investment Litig.*, 529 F.3d 207 (4th Cir. June 16, 2008). Subsequently, Harwood argued and won a similar result before the Eleventh Circuit in *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217 (11th Cir. Aug. 26, 2008).

*In re AIG ERISA Litig.*, 04-cv-9387 (S.D.N.Y.), where Harwood served as co-lead counsel, a settlement of $24.2 million was achieved for plan participants and beneficiaries. Further, in *Graden*, Harwood obtained a settlement valued at over $9 million for the plaintiff ERISA class. Additionally, in *In re Conagra Foods, Inc. ERISA Litig.*, 05-cv-00348 (D. Ne.), Harwood's successful prosecution of the action resulted in a settlement for the plaintiff class valued in excess of $14 million. In *Salvato v. Zale Corp. et al.*, 06-cv-1124 (N.D. Tex.), where Harwood served as co-lead counsel, a settlement valued in excess of $7 million was achieved for the plan participants and beneficiaries. Similarly, in *In re Boston Scientific Corp. ERISA Litig.*, 08-cv-12139 (D. Mass.), where Harwood currently serves as co-lead counsel with Milberg, the parties have agreed on a cash settlement of $8.2 million for the class of plan participants and beneficiaries (final court approval is pending) .

In addition to the above, Harwood has served or currently serves as lead or co-lead counsel in: *In re American Intll Group, Inc. ERISA Litig. II*, 08-cv-5722 (S.D.N.Y.); *In re Bank of America Corp. Sec., Deriv. and ERISA Litig.*, MDL 2058 (S.D.N.Y.); *In re 2008 FANNIE MAE ERISA Litig.*, 09-cv-01350 (S.D.N.Y.); *In re Morgan Stanley ERISA Litig.*, 07-cv-11285 (S.D.N.Y.); *In re American Express ERISA Litig.*, 08-cv-10834 (S.D.N.Y.); *Gray v. Citigroup Inc.*, 07-cv-9790 (S.D.N.Y.); *Stansbery, Jr. v . Alliance Capital*, 03-cv-8282 (S.D.N.Y.); *McKoy v. Bank of America Corp.*, 03-cv-8025 (S.D.N.Y.); *Corbett v. Marsh & McLennan Cos., Inc.*, 03-cv-8893 (S.D.N.Y.); *In re Nokia, Inc. ERISA Litig.*, 1:10-cv-03306 (S.D.N.Y.); *In re Federal

*Nat'l Mortgage Assoc. Sec., Deriv. and "ERISA" Litig.*, MDL 1668 (D. D.C.); *In re Hartford Fin. Svc. Group Inc. ERISA Litig.*, 08-cv-01708 (D. Ct.); *Walker v. Mass. Fin. Svc.*, 03-cv-12629 (D. Mass.); *In re Schering-Plough Corp. ENHANCE ERISA Litig.*, 08-cv-01432 (D.N.J.); *Peterson, et al. v. AT&T Corp.*, 99-cv-4982 (D.N.J.); *In re Coventry Healthcare, Inc. ERISA Litig.*, 09-cv-02661 (D. Md.); *Taylor et al. v. KeyCorp et al.*, 1:08-cv-01927 (N.D. Oh.); *In re Nat'l City Corp. Sec., Deriv. & ERISA Litig.*, MDL 2003 (N.D. Oh.); *In re Diebold ERISA Litig.*, 5:06-cv-0170 (N.D. Oh.); *Shanehchian v. Macy's, Inc.*, 07-cv-828 (S.D. Ohio); *In re Colonial Bancgroup, Inc. ERISA Litig.*, 2:09-cv-792 (M.D. Ala.); *West v. WellPoint, Inc.*, 08-cv-0486 (S.D. Ind.); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 03-MD-01539 (D. Md.); *Groussman v. Motorola*, 10-cv-00911 (N.D. Ill.); *Zarate v. Bank One Corp.*, 03-cv-7315 (N.D. Ill.); *Flynn v. Strong Capital Management, Inc.*, 03-cv-1067 (E.D. Wis.); *Wangberger v. Janus Capital Group, Inc.*, 03-cv-2061 (D. Colo.); and *Calderon v. Amvescap, PLC*, 03-cv-2604 (D. Colo.). In addition to its extensive ERISA practice, Harwood serves as a lead or co-lead counsel in a number of significant federal securities matters, state and federal derivative actions, and various transactional and consumer matters.

### c. Lanier

Lanier is recognized for its vast trial experience in cases involving pharmaceutical liability, asbestos and toxic exposure, business fraud, serious personal injuries and product liability. Lanier is credited with successfully trying the liability cases in three of the five Vioxx trials that resulted in favorable verdicts for plaintiffs. Lanier's verdicts preceded the largest mass tort settlement ever reached, amounting to $4.85 billion. Additionally, Lanier has significant complex commercial litigation experience working on behalf of individuals and businesses suing for breach of fiduciary duties, contract, patent infringement, employment disputes, antitrust, fraud, and other causes of action.

W. Mark Lanier is the founder of The Lanier Law Firm, serves as the firm's lead litigation counsel. Mr. Lanier is recognized as one of the top trial lawyers in the United States. In 2010, The National Law Journal ("NLJ") named Mr. Lanier as one of the "Decade's Most Influential Lawyers" (one of forty lawyers named to this list and one of four litigators designated with this honor) and he was also selected to Lawdragon's list of 500 Leading Lawyers in America. On June 28, 2010, Texas Lawyer named Mr. Lanier one of the "25 Greatest Texas Lawyers of the Past Quarter-Century." In 1998 and 2006, the NLJ recognized Mr. Lanier as one of nation's Top 10 Trial Attorneys, and in 2006, the NLJ designated him as one of the 100 Most Influential Lawyers in America. The NLJ also named Mr. Lanier among the country's 40 top attorneys under the age of 40. Some of Lanier's successful results include:

- In 2010, a $56.3 million verdict in a complex product liability case.
- In 2010, an 8-figure pharmaceutical settlement.
- In 2009, a $32.5 million settlement in an antitrust case.
- In 2009, resolved 176 injury claims against BP concerning its Texas City plant explosion.
- In 2007, a $60 million settlement in an antitrust case.
- Beginning in 2005, substantial jury verdicts in co-counseled Vioxx® trial cases instrumental in achieving the $4.85 billion settlement of the litigation for all qualifying Vioxx® claimants.
- In 2004, a $100 million settlement for Retractable Technologies, a syringe manufacturer, in an antitrust case against industry giant Becton Dickinson and Company, the world's largest manufacturer of medical syringes and needles.
- In 1998, a $118 million verdict on behalf of 21 asbestos victims; and
- In 1993, a $474 million verdict for a small oil company in a business fraud case against one of the nation's largest oil providers.

Mr. Lanier's experience in the courtroom has resulted in feature articles in The Wall Street Journal, The American Lawyer, Texas Lawyer, The New York Times, New York Lawyer, The National Law Journal, Los Angeles Times, The Boston Globe, Houston Chronicle and Bloomberg, among others. He is also a frequent guest on news shows such as ABC's "Good Morning America" and CNBC's "Squawk Box."

Accordingly, Milberg, Harwood and Lanier possess the requisite knowledge and experience to manage this litigation most effectively for the benefit of the proposed ERISA class.

### d. Interim Liaison Counsel

Proposed Liaison Counsel Miller Law also shares substantial experience and dedication in securing the rights of employees nationwide. Miller Law is a litigation boutique law firm that handles large complex litigation in a variety of practice areas in federal and state courts across the country and has been appointed to leadership positions in numerous complex class actions. *See generally* resume of Miller Law attached as Exhibit 5. Marvin A. Miller, principal of Miller Law, enjoys a national reputation for prosecuting complex class action litigation and has been recognized by courts across the country for his expertise in handling such matters. For example, in this District, Judge Shadur referred to Mr. Miller as "...an experienced securities law class action litigator and who also has 20 years [now 40 years] practice under his belt. This Court has seen the quality of that lawyer's work in other litigation, and it is first-rate." *In re Telesphere Sec. Litig.*, 753 F.Supp. 716, 719 (N.D. Ill. 1990). That same reputation continues. *See In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 85 (D. Mass. 2005) (in granting final approval of $75 million settlement in which Miller Law served as co-lead counsel, the court noted that "Class counsel here exceeded my expectations in these respects [*i.e.*, experience, competence, and vigor] in every way").

### 3. Milberg, Harwood, Lanier And Miller Law Have Resources Necessary To Represent The Proposed Class

Rule 23(g)(1)(A)'s final factor relating to the resources counsel will commit to the case, also strongly supports the appointment of proposed Interim Co-Lead Counsel. All three firms are well-established and successful law firms with the level of resources and personnel sufficient to successfully prosecute a case of this magnitude. Milberg, Harwood and Lanier have proven

track records managing complex cases such as these ERISA Actions and shall dedicate the resources necessary to represent zealously the Participants' interests.

## CONCLUSION

Proposed Interim Co-Lead and Liaison Counsel have substantial class action experience, including experience in ERISA actions, and have taken significant concrete steps to advance this litigation. Accordingly, Plaintiffs respectfully request that the Court enter the Proposed Order: (1) consolidating the ERISA Actions, and any actions subsequently filed in or transferred to this District; (2) appointing Milberg, Harwood, and Lanier as Interim Co-Lead Counsel; and (3) appointing Miller Law as Interim Liaison Counsel on behalf of ERISA class plaintiffs.

Dated: July 30, 2010

    s/ Marvin A. Miller
Marvin A. Miller
Matthew E. Van Tine
**MILLER LAW LLC**
115 S. LaSalle Street
Suite 2910
Chicago, IL 60603
Tel: (312) 332-2400

*Proposed Interim Liaison Counsel for Plaintiffs*

Sanford P. Dumain
Lori G. Feldman
Arvind B. Khurana
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10119
Tel: (212) 594-5300

Robert I. Harwood
Jeffrey M. Norton
Tanya Korkhov
**HARWOOD FEFFER LLP**
488 Madison Avenue, 8th Floor
New York, NY 10022
Tel: (212) 935-7400

W. Mark Lanier
Evan M. Janush
**THE LANIER LAW FIRM**
6810 FM 1960 West
Houston, TX 77069
Tel: (713) 659-5200

*Proposed Interim Lead Counsel for Plaintiffs*