# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARIS MOULE, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BP CORPORATION NORTH AMERICA, INC., BP AMERICA, INC., BP p.l.c., BP CORPORATION NORTH AMERICA INC. SAVINGS PLAN INVESTMENT OVERSIGHT COMMITTEE, ANTHONY B. HAYWARD, LAMAR MCKAY, GREGORY T. WILLIAMSON, STEPHANIE C. ATKINS, RICHARD DORAZIL, NEIL SHAW, THOMAS L. TAYLOR, STATE STREET BANK AND TRUST and JOHN DOES 1-10,<br><br>Defendants. | No.: 10 C 3990<br><br>Related Cases:<br><br>10 C 4026<br>10 C 4264<br>10 C 4337<br>10 C 4390<br>10 C 4448<br><br>Judge Rebecca R. Pallmeyer |

## RESPONSE IN OPPOSITION TO MOTION FOR (1) CONSOLIDATION OF THE RELATED ERISA ACTIONS, AND (2) APPOINTMENT OF INTERIM CO-LEAD AND LIAISON COUNSEL

Plaintiff Ralph Whitley ("Respondent"), plaintiff in *Ralph Whitley v. BP P.L.C. et al.*, No. 10-cv-4935, pending in the United States District Court for the Southern District of New York (the "*Whitley* Action"), respectfully submits this Notice of Opposition to Plaintiffs Charles Moule, Jerry T. McGuire, and Maureen S. Riely's (the "*Moule* Plaintiffs'") Motion For (1) Consolidation Of The Related ERISA Actions And (2) Appointment Of Interim Co-Lead and Liaison Counsel, filed with this court on July 30, 2010 (Dkt. No. 31) (the "Motion").

While Respondent Whitley does not oppose transfer of the *Whitley* Action to the Northern District of Illinois or consolidation with related ERISA actions before this Court, he

opposes the Motion – and particularly the proposed case organization and counsel leadership structure – as premature because the Judicial Panel on Multidistrict Litigation ("J.P.M.L." or the "Panel") has not yet determined issues related to organization, transfer, and consolidation of the ERISA actions and numerous related lawsuits against BP p.l.c. ("BP").

1.  **Background of the ERISA Actions**

Respondent filed the *Whitley* Action on June 24, 2010 in the Southern District of New York. This was the first such action alleging ERISA claims against Defendants BP and other fiduciaries of the BP Employee Savings Plan, the BP Capital Accumulation Plan, the BP Partnership Savings Plan, and BP Direct SavePlan (collectively, the "Plans") in connection with the Plans' holdings of BP American Depository Shares ("ADS"), which are traded on the New York Stock Exchange under the symbol "BP". Subsequently, the *Moule* Plaintiffs and three other plaintiffs filed related actions on behalf of the Plans in the Northern District of Illinois alleging similar claims and facts to those in the *Whitley* Action (the "ERISA Actions").[1]

On July 7, 2010 Charis Moule, plaintiff in the *Moule* Action, initiated multidistrict litigation ("MDL") proceedings before the J.P.M.L seeking to transfer any related ERISA actions against BP to the Northern District of Illinois and to consolidate them before This Court. On July 10, 2010 the J.P.M.L. advised Moule that "all ERISA Actions will proceed on their own MDL proceeding [MDL 2189]... and will be scheduled for a Panel hearing in September 2010" to consider various matters pursuant to organization of those actions. *See* Exhibit A (ERISA

---

[1] The related ERISA Actions are: (1) *Charis Moule v. BP Corp. North America, Inc., et al.*, Case No. 10-CV-03990 ("*Moule* Action"); (2) *Jerry T. McGuire v. BP Corp. North America, Inc., et al.*, Case No. 10-CV-04337; (3) *Maureen S. Riely v. BP Corp. North America, Inc., et al.*, Case No. 10-CV-04448; (4) *Syed Arshadullah et al. v. BP p.l.c. et al.*, Case No. 10-CV-04026; (5) *Edward F. Mineman v. BP Corp. North America, Inc., et al.*, Case No. 10-CV-04390; and (6) *David M. Humphries v. BP Corp. North America, Inc., et al.*, Case No. 10-CV-04264.

Plaintiffs' Response To Defendants' July 7, 2010 Notice Of Related Actions, *In Re: BP p.l.c. Sec. Litig.*, MDL 2185, July 16, 2010), at 2.

The Panel also held a hearing on July 29, 2010 to hear arguments regarding various matters pursuant to 28 U.S.C. § 1407, including (1) whether all ERISA class actions against BP should be consolidated with all other actions against BP in the MDL proceeding *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, MDL 2179; (2) whether the securities actions against BP, the shareholder derivative actions against BP and the ERISA class actions against BP should all be consolidated in *In re: BP p.l.c. Securities Litigation*, MDL 2185; and (3) which judges should be assigned to these cases once they are transferred and/or consolidated. *See* Exhibit B (Notice of Related Actions, MDL 2185, July 23, 2010), at 1-2. The Panel has not yet issued a decision on these matters.

2. **The Motion Is Premature Because MDL Proceedings to Consolidate the ERISA Actions Are Pending**

This Court should defer consideration of the *Moule* Plaintiffs' Motion until after the Panel has issued a decision following the July 29, 2010 MDL hearing -- which may affect organization of the ERISA actions -- and until after the Panel hears arguments regarding transfer and consolidation of the related ERISA actions in September 2010 and issues a decision on those matters.

It is premature to impose a case organization and counsel leadership structure in this action and all related ERISA actions until the J.P.M.L. formally transfers all related ERISA actions to this Court. In *Sevel v. AOL Time Warner, Inc.*, 232 F. Supp. 2d 615 (E.D. Va. 2002), the district court denied a similar motion to appoint lead counsel where a motion to transfer and consolidate in related actions was still pending before the J.P.M.L. The *Sevel* court found that appointing lead counsel in that situation was "premature and would waste time, energy, and

3

judicial resources." *Sevel*, 232 F. Supp. 618. The *Sevel* court stayed proceedings concerning choice of lead counsel "until the Panel decides whether to transfer or to consolidate [to] avoid confusion and duplication of effort and [to] further the purposes of the MDL Panel proceeding." *Sevel*, 232 F. Supp. 616. *See also Italian Colors Restaurant v. American Express Co.*, No. C 03-3719, 2003 WL 22682482, at *7 (N.D. Cal. Nov. 10, 2003) (denying motion for appointment of lead counsel as premature because "the Judicial Panel on MultiDistrict Litigation is the appropriate arbiter" of problems arising from competition among counsel in different but related actions); *Rintel v. Wathen*, 806 F. Supp. 1467 (C.D. Cal. 1992) (motion to appoint co-lead counsel was premature where plaintiffs had not yet moved to certify a class). This Court should similarly deny the *Moule* Plaintiffs' Motion as premature.

3.  **The Motion Improperly Attempts to Impose an Organizational Structure on Cases Not Yet Transferred to This Court**

The *Moule* Plaintiffs should not be allowed to circumvent the jurisdiction of the Panel after choosing to invoke it. *See* Exhibit C (Notice of Related Action, MDL 2189, July 19, 2010) (Moule's motion to the Panel requesting transfer of the *Whitley* Action to the Northern District of Illinois and consolidation with the *Moule* Action and any related ERISA actions before this Court). Now that counsel for the *Moule* Plaintiffs have initiated MDL proceedings, the issue of potential transfer and consolidation of the *Whitley* Action and other related ERISA actions in the Northern District of Illinois are properly before the Panel for decision. The *Moule* Plaintiffs should not be permitted to evade the J.P.M.L. proceedings now by filing this premature motion.

Moreover, this Court should not allow the *Moule* Plaintiffs to defeat the rights of other counsel in this potentially consolidated litigation to participate in case management and to apply for leadership roles. Counsel for the *Moule* Plaintiffs proposed a "counsel leadership structure" -- very similar to the one presented on this Motion -- to Respondent Whitley's counsel in which

Milberg LLP, Harwood Feffer LLP and the Lanier Law Firm would be appointed as Interim Co-Lead Counsel and which would relegate Respondent Whitley's counsel in the *Whitley* Action to membership on an "executive committee consisting of one law firm from each of the related ERISA actions" with virtually no input into the prosecution of the litigation. Motion at 2. The *Moule* Plaintiffs correctly note that "[t]his proposal was not accepted" by Respondent Whitley's counsel. *Id.* The *Moule* Plaintiffs' Motion is improper because all counsel for plaintiffs in related ERISA actions that may foreseeably be transferred and consolidated in this Court – including Respondent Whitley – should have an opportunity to weigh in on case organization issues and to petition the Court for a leadership role in the consolidated action.

**Conclusion**

For all of the foregoing reasons, the *Moule* Defendants' Motion should be denied.

Dated: August 6, 2010

Respectfully submitted,

By: */s/ Stephen J. Fearon, Jr.*
Stephen J. Fearon, Jr.
Olga Anna Posmyk
Joseph Goljan
**SQUITIERI & FEARON, LLP**
32 East 57th Street, 12th Floor
New York, New York 10022
Tel: (212) 421-6492
Fax: (212) 421-6553
Email: stephen@sfclasslaw.com
Email: olga@sfclasslaw.com
Email: jgoljan@sfclasslaw.com

By: */s/ Gregory M. Egleston*
Gregory M. Egleston
**EGLESTON LAW FIRM**
360 Furman Street, Suite 443
Brooklyn, NY 11201
Telephone: (646) 227-1700
Facsimile: (646) 227-1701
Email: egleston@gme-law.com
Email: greg.egleston@gmail.com

By: */s/ Kenneth A. Wexler*
Kenneth A. Wexler
**WEXLER WALLACE LLP**
55 W. Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: 312-346-2222


*Counsel for Ralph Whitley*
in *Whitley v. BP p.l.c. et al.*, No. 10-cv-4935
**(S.D.N.Y.)**

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Response In Opposition To Motion For (1) Consolidation Of The Related ERISA Actions, And (2) Appointment Of Interim Co-Lead And Liaison Counsel* and *Appendix of Exhibits In Support of Response In Opposition* and accompanying *Exhibits* have been served, in accordance with Fed. R. Civ. P. 5, via electronic means on August 6, 2010 on the following counsel:

Charles R. Watkins
**FUTTERMAN HOWARD ASHLEY WATKINS & WELTMAN, P.C.**
122 South Michigan Avenue, Suite 1850
Chicago, IL 60603
Email: cwatkins@futtermanhoward.com

Kristopher S. Ritter
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, IL 60553
Email: kristopher.ritter@kirkland.com

Aron J Frakes
Wilber H. Boies
**MCDERMOTT, WILL & EMERY LLP**
227 West Monroe Street #4400
Chicago, IL 60606-5096
Email: ajfrakes@mwe.com
Email: bboies@mwe.com

Ronald S Kravitz
Kim S. Zeldin
**LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP**
199 Fremont Street, # 2000
San Francisco, CA 94105
Email: rkravitz@linerlaw.com
Email: kzeldin@linerlaw.com

Dona Szak
Thomas Robert Ajamie
**AJAMIE LLP**
711 Louisiana, Suite 2150
Houston, TX 77002
Email: dszak@ajamie.com
Email: tajamie@ajamie.com

Marvin A. Miller
**MILLER LAW LLC**
115 LaSalle Street, Suite 2910
Chicago, IL 60603
Email: mmiller@millerlawllc.com

Sanford P. Dumain
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10019
Email: sdumain@milberg.com

Robert I. Harwood
**HARWOOD FEFFER LLP**
488 Madison Avenue
New York, NY 10022-5725
Email: rharwood@hfesq.com

W. Mark Lanier
**THE LANIER LAW FIRM**
68 10 FM 1960 West
Houston, TX 77069
Email: jrm@lanierlawfirm.com

Edwin J. Mills
Michael J. Klein
**STULL, STULL & BRODY**
6 East 45th Street, Suite 500
New York, NY 10017
Email: emills@ssbny.com

Robert D. Allison
Bruce C. Howard
Steven Paul Schneck
**ROBERT D. ALLISON & ASSOCIATES**
122 South Michigan Avenue, Suite 1850
Chicago, IL 60603
Email: rdalaw@ix.netcom.com
Email: bchoward@ix.netcom.com
Email: spschneckjazzlaw@yahoo.com

Mitchell L. Marinello
Laura Elizabeth Towbin
**NOVACK & MACEY**
100 North Riverside Plaza, Suite 1500
Chicago, IL 60606
Email: mmarinello@novackmacey.com
Email: ltowbin@novackmacey.com

*/s/ Olga Anna Posmyk*
Olga Anna Posmyk