**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____

| | | |
|---|---|---|
| CHARIS MOULE, On Behalf of Herself and All Others Similarly Situated, | ) ) | |
| | ) | No. 10 C 3990 |
| *Plaintiff,* | ) | |
| | ) | Related Cases: |
| v. | ) | |
| | ) | 10 C 4026 |
| BP CORPORATION NORTH AMERICA, | ) | 10 C 4264 |
| INC., BP AMERICA, INC., BP p.l.c., BP | ) | 10 C 4337 |
| CORPORATION NORTH AMERICA INC. | ) | 10 C 4390 |
| SAVINGS PLAN INVESTMENT | ) | 10 C 4448 |
| OVERSIGHT COMMITTEE, ANTHONY B. | ) | |
| HAYWARD, LAMAR MCKAY, GREGORY | ) | Judge Rebecca R. Pallmeyer |
| T. WILLIAMSON, STEPHANIE C. ATKINS, | ) | |
| RICHARD DORAZIL, NEIL SHAW, | ) | |
| THOMAS L. TAYLOR, STATE STREET | ) | |
| BANKD AND TRUST and JOHN DOES 1-10, | ) | |
| | ) | |
| *Defendants.* | ) | |

_____)

**OPPOSITION OF SYED ARSHADULLAH AND RON PIERCE TO
MOTION BY PLAINTIFFS MOULE, MCGUIRE AND RILEY FOR ENTRY OF
[PROPOSED] PRETRIAL ORDER NO. 1:
(1) CONSOLIDATING THE RELATED ERISA ACTIONS AND
(2) APPOINTING INTERIM CO-LEAD AND LIASON COUNSEL**

Syed Arshadullah and Ron Pierce, plaintiffs in *Arshadullah et al. v. BP P.L.C. et al.,* No. 1:10-cv-04026, currently pending in this Court (the "Arshadullah Plaintiffs"), respectfully oppose the Motion filed by Plaintiffs Moule, McGuire and Riley for Entry of [Proposed] Pretrial Order No. 1 (the "Motion"). First, in light of transfer motions currently pending before the Judicial Panel on Multidistrict Litigation ("JPML") in multidistrict litigation ("MDL") numbers 2179, 2185, and 2189, the Motion is premature. Exercising its authority pursuant to 28 U.S.C. Sec. 1407, the JPML may send *all* of the

BP ERISA cases to this Court, including cases not currently before the Court, or it may transfer all of the BP ERISA cases currently before this Court to another venue, or it may take no action at all. In light of this uncertainty, consolidating now only those ERISA cases currently before this Court and appointing a leadership structure before the JPML has a chance to issue its rulings makes no sense. Second, there are a number of reasons why the proposed leadership structure is not appropriate and the Court should be permitted to consider other alternatives. Consequently, if the Court decides to go forward with the Motion at this time, it should set a schedule for the filing of competing motions and briefing those motions.

### A.    The Motion Is Premature

The JPML currently has pending transfer motions in three separate MDL proceedings – MDLs 2179, 2185, and 2189 – the resolution of which could result in the cases currently before the Court being transferred to another district for pretrial coordination or consolidation, or could result in at other actions being transferred to *this* District for pretrial coordination or consolidation.

First, in MDL Docket No. 2179, *In re: Deepwater Horizon Incident Litigation,* in which several parties filed competing transfer motions, certain BP Defendants filed a Notice of Related Actions (Docket No. 177), which listed *Arshadullah et al. v. BP P.L.C. et al.,* No. 1:10-cv-04026, *Moule v. BP Corp. North America Inc., et al.,* No. 10-cv-03990, and *Whitley v. BP P.L.C. et al.,* No. 10-cv-04935 (S.D.N.Y.) as "potential tag along actions that each relate to the cases identified in connection with BPXP's Motion to Transfer For Coordination or Consolidated Pretrial Proceedings." These Defendants have requested that the ERISA cases, together with all other cases filed in connection

with the Deepwater Horizon rig explosion, be transferred to the United States District Court for the Southern District of Texas (while other parties proposed alternative venues).  The Arshadullah Plaintiffs, among others, objected to this motion, the JPML heard argument the Motion on July 29, 2010 from Arshadullah Plaintiffs and others, and the matter is submitted for decision.

Second, in MDL Docket No. 2185, *In re BP p.l.c. Securities Litigation,* certain plaintiffs alleging securities fraud in connection with the Deepwater Horizon incident requested that a separate MDL be established in the Western District of Louisiana for securities actions.  Certain BP Defendants objected, arguing that all such actions should be included in MDL 2179, but argued, in the alternative, that if the JPML were to establish a separate MDL for securities cases, it should also include derivative and ERISA actions in that MDL and should be sent to the Southern District of Texas.  BP specifically listed the *Moule, Arshadullah* and *Whitely* actions, and also listed the more recently-filed actions in *Jerry T. McGuire v. BP Corp. North America, Inc. et al.,* 10 C 04337; *Maureen S. Riley v. BP North America, Inc. et al.,* 10 C 04448; *Edward F. Mineman v. BP Corp. North America, Inc., et al.,* 10 C 04393, and *David M. Humphries v. BP Corp. North America, Inc. et al.,* 10 C 04264.  *Id.*  Objections were filed by the Arshadullah Plaintiffs and others, the JPML heard argument from Arshadullah Plaintiffs and others on July 29, 2010, and that matter is also submitted for decision.

Finally, Plaintiff Moule initiated with the JPML yet a third MDL proceeding (*In re BP* Securities, Derivative and Employee Income Security Act (ERISA) Litigation, MDL Docket No. 2189), by filing a separate motion to transfer requesting that all BP ERISA cases be transferred to this District and consolidated here.  Consistent with its

arguments in MDLs 2179 and 2185, BP opposed this motion.  Argument is scheduled to be heard on this motion at the JPML's September meeting.

As a result of these competing motions, at least four possibilities currently exist with respect to the ERISA cases affected by the instant Motion for Entry of Proposed Pretrial Order No. 1:  (1) The JPML will transfer *all* of these cases to a different court, either for inclusion in an omnibus MDL or for inclusion in a smaller MDL consisting of Securities, ERISA, derivative and possibly other cases; (2) the JPML will establish a separate MDL for ERISA cases and transfer additional ERISA cases to this Court; (3) the JPML will establish an MDL that includes cases in addition to the ERISA cases and transfer *those* cases to this Court along with the ERISA actions; or (4) the JPML will decline to transfer *any* ERISA cases.  Only the last of these four possibilities would *fail* to result in a reconsideration of any order issued by this Court with respect to the pending Motion for Entry of Pretrial Order No. 1.  Although all plaintiffs are eager to move this litigation forward as expeditiously as possible, precipitous action now is likely to cause greater delays and confusion down the road – and not far down the road, either.  The JPML should be given an opportunity to do its job.  *See, e.g.,* Manual for Complex Litig., 4th ed., Sec. 20.131 (certain matters should be deferred until the JPML has an opportunity to rule on pending transfer motions; "[f]or example, there would be little purpose in entering a scheduling order while a conditional order of transfer is pending").

### B.      The Court Should Consider Alternative Leadership Structures

In the event the Court wants to consider consolidation and leadership motions now, the Arshadullah Plaintiffs respectfully request that the Court set a schedule for the filing of alternative motions and briefing on those motions. In this way, the Court can consider a number of relevant issues, including differences in the claims filed in the

4

various cases and the relevance of those differences to selecting leadership for the cases, the relative efficiency and effectiveness of any proposed leadership structure, significant conflicts of interest that could affect decisions regarding leadership and the application of the Rule 23 (g) factors to all potential lead counsel.

## CONCLUSION

For the reasons set forth above, the Arshadullah Plaintiffs request that the Court *deny* without prejudice Plaintiff Moule's Motion for Entry of Pretrial Order No. 1.  If this Court retains jurisdiction over the BP ERISA cases following the JPML's rulings on the conditional transfer motions presently pending before it, there will be time for all counsel to make arguments as to the leadership structure that will best serve the interests of the Class.

DATED: August 9, 2010

PLAINTIFFS, SYED ARSHADULLAH
AND RON PIERCE


By:   /s/ William W. Thomas
Charles R.Watkins
William W. Thomas
**FUTTERMAN    HOWARD    ASHLEY
WATKINS & WELTMAN, PC**
122 South Michigan Avenue Suite 1850
Chicago, Illinois  60603
Telephone: (312) 427-3600
Facsimile: (312) 427-1850

Robert A. Izard
Mark P. Kindall
Matthew Tuccillo
Wayne T. Boulton
**IZARD NOBEL LLP**
29 South Main Street, Suite 215
West Hartford, CT 06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290

Ronen Sarraf
Joseph Gentile
116 John Street, Suite 2310
**SARRAF GENTILE LLP**
New York, NY 10038
Telephone: (212) 868-3610
Facsimile: (212) 918-7967

## Certificate of Service

I hereby certify that a copy of the foregoing the Opposition of Syed Arshadullah and Ron Pierce to Plaintiff Moule's Motion for Entry of [Proposed] Pretrial Order No. 1 (1) Consolidating the Related ERISA Actions and (2) Appointing Interim Co-Lead and Liaison Counsel have been served, in accordance with Fed. R. Civ. P. 5, via electronic means on August 9, 2010 on the following counsel:

Kristopher S. Ritter
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60553
Email: kristopher.ritter@kirkland.com

Aron J Frakes
Wilber H. Boies
MCDERMOTT, WILL & EMERY LLP
227 West Monroe Street #4400
Chicago, IL 60606-5096
Email: ajfrakes@mwe.com
Email: bboies@mwe.com

Ronald S Kravitz
Kim S. Zeldin
LINER Y ANKELEVITZ SUNSHINE & REGENSTREIF LLP
199 Fremont Street, # 2000
San Francisco, CA 94105
Email: rkravitz@linerlaw.com
Email: kzeldin@linerlaw.com

Dona Szak
Thomas Robert Ajamie
AJAMIELLP
711 Louisiana, Suite 2150
Houston, TX 77002
Email: dszak@ajamie.com
Email: tajamie@ajamie.com

Marin A. Miler
MILLER LAW LLC
115 LaSalle Street, Suite 2910
Chicago, IL 60603
Email: mmiler@milerlawllc.com

Robert I. Harood
HARWOOD FEFFER LLP
488 Madison Avenue
New York, NY 10022-5725
Email: rharood@hfesq.com

W. Mark Laner
THE LANIER LAW FIRM
68 10 FM 1960 West
Houston, TX 77069
Email: jrm@lanierlawfirm.com

Edwin J. Mils
Michael J. Klein
STULL, STULL & BRODY
6 East 45th Street, Suite 500
New York, NY 10017
Email: emils@ssbny.com

Robert D. Allison
Bruce C. Howard
Steven Paul Schneck
ROBERT D. ALLISON & ASSOCIATES
122 South Michigan Avenue, Suite 1850
Chicago, IL 60603
Email: rdalaw@ix.netcom.com
Email: bchoward@ix.netcom.com
Email: spschneckjazzlaw@yahoo.com

Mitchell L. Marinello
Laura Elizabeth Towbin
NOVACK & MACEY
100 North Riverside Plaza, Suite 1500
Chicago, IL 60606
Email: mmarnello@novackmacey.com
Email: ltowbin@novackmacey.com

Sanford P. Dumain
MILBERGLLP
One Pennsylvania Plaza
New York, NY 10019
Email: sdumain@milberg.com

Kenneth A. Wexler
Wexler Wallace LLP
55 West Monroe
Suite 3300
Chicago, IL 60603
(312) 346-2222
Email: kaw@wexlerwallace.com

/s/ William W. Thomas
William W. Thomas