IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARIS MOULE, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BP CORPORATION NORTH AMERICA, INC., BP AMERICA, INC., BP p.l.c., BP CORPORATION NORTH AMERICA INC. SAVINGS PLAN INVESTMENT OVERSIGHT COMMITTEE, ANTHONY B. HAYWARD, LAMAR MCKAY, GREGORY T. WILLIAMSON, STEPHANIE C. ATKINS, RICHARD DORAZIL, NEIL SHAW, THOMAS L. TAYLOR, STATE STREET BANK AND TRUST and JOHN DOES 1-10,<br><br>Defendants. | No.: 10 C 3990<br><br>Related Cases:<br><br>10 C 4026<br>10 C 4264<br>10 C 4337<br>10 C 4390<br>10 C 4448<br><br>Judge Rebecca R. Pallmeyer |

**MOVANTS' REPLY TO WHITLEY, MINEMAN, HUMPHRIES, ARSHADULLAH AND PIERCE'S RESPONSES TO PLAINTIFFS' MOTION FOR CONSOLIDATION AND COUNSEL APPOINTMENT**

Moving Plaintiffs Charis Moule, Jerry T. McGuire and Maureen S. Riely (the "Movants"), submit this Reply to the Responses of Plaintiffs Ralph Whitley, Edward F. Mineman, David M. Humphries, Syed Arshadullah, and Ron Pierce (the "Respondents") to the Movants' Motion for (1) Consolidation of the Related ERISA Actions and (2) Appointment of Interim Co-Lead and Liaison Counsel (the "Motion").

**INTRODUCTION**

The primary argument made by each of the Respondents in opposition to the Motion is that it is premature in light of pending proceedings before the Judicial Panel on Multidistrict Litigation (the "MDL Panel"). However, the MDL Panel rules specifically state that the MDL

1

proceedings do not stay pretrial proceedings in the district court where the action is pending. Neither does the filing of a motion in the MDL proceeding deprive the district court where the action is pending of jurisdiction to entertain similar motions for relief. *See* J.P.M.L. R. 1.5.

On July 7, 2010, Moule filed a motion with the MDL Panel (MDL No. 2189) to centralize all of the related ERISA actions ("ERISA Actions") before this Court. That same day, Defendants submitted a Notice of Related Actions and listed the *Moule* and *Arshadullah* actions as tag-along actions in MDL No. 2179 (*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*) and MDL No. 2185 (*In re BP p.l.c. Sec. Litig.*). The MDL Panel created a new docket for Moule's MDL motion (MDL No. 2189) and set it for a hearing on September 30, 2010.

The hearing on the transfer motions pending in MDL Nos. 2179 and 2185 was held on July 29, 2010. The MDL Panel has not issued a decision as of the date of this filing, however, one is expected this or next week. The MDL Panel has noted that as part of its order on MDL Nos. 2179 and 2185, it may also centralize the ERISA Actions. However, because the MDL Panel has acknowledged and accepted MDL No. 2189 as a separate action, the MDL Panel will likely maintain Moule's motion for a separate ERISA MDL on its September calendar. Notwithstanding the foregoing, Movants would be amenable to staying briefing on consolidation and leadership only until the MDL Panel rules in MDL Nos. 2179 and 2185 to be certain that the centralization of the ERISA Actions has not been addressed. Assuming that the MDL Panel does not rule on the ERISA Actions in those two matters, moving forward with the present Motion serves to further the prosecution of these actions and promote judicial economy.

There are several possibilities that can occur with the MDL proceedings, however, all such possibilities militate in favor of having this Court entertain consolidation and leadership

motions now.  First, as noted, the MDL Panel may decide to centralize all the BP cases, including the ERISA Actions, as part of the order in MDL Nos. 2179 and 2185.  In that situation, if this is the transferee court, then this Court will have the benefit of having advanced the pre-trial proceedings.  Second, the MDL Panel can allow Moule's MDL motion (MDL No. 2189) to proceed to the September 30, 2010 hearing and then issue its order.  In that case, the MDL Panel is not likely to decide Moule's MDL motion until mid-October or later.  If consolidation and leadership issues are postponed, the ERISA cases subject to this Motion would be forced to go forward as seven separate actions, with seven different complaints with different defendants and class periods, requiring multiple answers and/or dismissal motions, and discovery tracks and, the motions for consolidation, organization and leadership would not be filed, fully briefed or set for hearing until the MDL Panel rules.  It may well be 2011 before the parties know which group of plaintiffs and counsel will have the responsibility of prosecuting the cases.  Third, if the MDL Panel issues an order in MDL No. 2189 and centralizes the ERISA Actions in a district other than this District, the transferee court will have the benefit of any decision reached in this District, including that which concerns consolidation and leadership.[1]  Thus, allowing the Motion to proceed in tandem with the MDL proceedings, including allowing any competing movants to

---

[1] Plaintiffs Arshadullah and Pierce claim that four possibilities exist in the event the Court decides the Motion.  However, all such possibilities can easily be dealt with after the Court's consolidation and appointment of counsel in response to this Motion as follows: (1) if the MDL Panel centralizes all the cases in an omnibus MDL, given Movants' willingness to wait on the MDL Panel's decision in MDL Nos. 2179 and 2185, then there will be no order of consolidation and appointment that will be impacted; (2) if the MDL Panel centralizes only the ERISA Actions and transfers them to this Court, then the cases will have already been consolidated and any additional ERISA cases transferred to this Court will be appropriately dealt with under the procedures set forth in the Proposed Pre-trial Order; (3) if the MDL Panel creates an MDL for the ERISA Actions and other cases (*i.e.* securities and derivative), then the consolidation and leadership issues in connection with ERISA Actions should not be affected; and (4) if the MDL Panel declines to centralize the ERISA Actions, then the consolidation and leadership issues in connection with the ERISA Actions should not be impacted.

3

file their own motions, would serve judicial economy and efficient advancement of the actions. For these reasons, the Court can and should consider the Motion at this time.

## ARGUMENT

A.   **The Motion Is Not Premature**

MDL Rule 1.5 states that:

> [t]he pendency of a motion . . . before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 *does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.*

Accordingly, a district court has authority to continue pre-trial proceedings while the MDL Panel considers a motion. *See Ill. Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844, 852 (7th Cir. 2004) (affirming the district court's denial of a motion to stay and decision to remand the case to state court); *General Electric Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir. 1979) (holding that pending MDL proceedings do not affect the jurisdiction of the transferor court); *Terkel v. AT&T, Inc.*, 06 Civ. 2837, 2006 U.S. Dist. LEXIS 42906, at *3 (N.D. Ill. June 9, 2006) (same).

Moreover, a district court may consider motions for consolidation and appointment of lead counsel depending on the circumstances of the case. *See, e.g., Albert Fadem Trust v. WorldCom, Inc.*, 02 Civ 3288, 2002 U.S. Dist. LEXIS 12572, at *6 (S.D.N.Y. July 12, 2002) (ordering the scheduling of a conference to discuss the plaintiffs' motions for consolidation and the appointment of lead plaintiff despite the fact that there was also a motion to consolidate before the MDL Panel). Movants recognize that some district courts have decided against allowing leadership motions to proceed while an MDL motion is pending. However, the circumstances here warrant otherwise. Addressing consolidation and leadership issues at this juncture would allow counsel to, among other things, begin working on a consolidated ERISA complaint, address Rule 16 issues and other discovery planning, and address any dismissal

4

motions or other responses filed by Defendants. Indeed, as discussed below, Humphries has argued that Defendants are likely to make a battery of upcoming motions to dismiss. Humphries' own assertion underscores the benefits that will be gained now by addressing Movants' Motion and promoting judicial economy. Thus, this Court should establish a briefing schedule on the Motion and decide said Motion.

**B.  Respondents Have Notice and an Opportunity to Be Heard**

Respondent Whitley argues that the rights of other counsel will be defeated by a decision of this Court regarding the selection of lead counsel. However, despite the fact that his action is pending in the Southern District of New York, Whitley does not claim that he lacks notice of the activity in the Illinois actions. Moreover, as recognized by each of the Respondents, proposed Interim Co-Lead Counsel have made numerous efforts to communicate with counsel for plaintiffs in each of the related ERISA actions to assure these counsel could have a meaningful role in the prosecution of this litigation going forward. If Whitley wishes to oppose the Motion, he may do so by voluntarily transferring his action to this district, which according to his submission, he does not oppose.[2]

Furthermore, all the Respondents have had an opportunity to weigh in on consolidation, case organization and leadership. Indeed, both Mineman and Humphries have submitted substantive arguments with respect to leadership in their respective responses. No Respondent disputes that proposed Interim Co-Lead Counsel have taken the lead in organizing the ERISA Actions or that they have done the most to advance the interests of the proposed class of Plan

---

[2]  Although Whitley's action is pending in the Southern District of New York, he has retained counsel who has filed an appearance in this case. Movants do not oppose Whitley's opportunity to be heard in connection with the pending Motion and he will not be prejudiced.

participants and beneficiaries.[3]  Neither does any Respondent question the extensive ERISA class action experience of the proposed Interim Co-Lead Counsel or their ability to successfully prosecute an action of this magnitude and complexity.  From a practical perspective, even if the ERISA Actions were to be transferred to another district by the MDL Panel, having consolidation and leadership issues fully-briefed and decided would benefit the ultimate transferee court.  By allowing the briefing to go forward, a full record will be generated, ultimately allowing the actions to proceed in an expeditious manner post-transfer.

## C.     Consolidation Under Fed. R. Civ. P. 42(a) Is Appropriate

Federal Rule of Civil Procedure 42(a) provides that actions involving common questions of law or fact may be consolidated to avoid unnecessary costs or delay.  The ERISA Actions assert substantially similar claims under ERISA against Plan fiduciaries, are factually related and involve common questions of both law and fact.  Therefore, consolidation of the ERISA Actions will facilitate resolution of the claims alleged in the class actions.

Respondent Humphries claims that consolidation is not appropriate because some of the actions involve different BP plans, different class periods, different theories of liability and different defendants.  However, Rule 42(a) does not require that all facts and legal theories be identical; rather, the actions need only be substantially similar.  *See, e.g.*, *Sklar v. Bank of Am.*

---

[3]     As noted in Movants' opening brief, following an extensive investigation into the Defendants' wrongful conduct and filing of the complaints detailing Defendants' violations of their fiduciary obligations under ERISA, proposed Interim Co-Lead Counsel have undertaken substantial efforts on behalf of the plaintiff class, such as communicating with Defendants' counsel with respect to various case management matters and taking steps to secure various Plan-related documents under ERISA § 104(b)(4).  The proposed Interim Co-Lead Counsel have also appeared and argued at the July 29, 2010 hearing in MDL No. 2185, retained consultants to assist counsel in damage issues, monitored Congressional hearings, and coordinated with counsel in other cases against BP arising from the oil spill.  The investigation, which includes ongoing interviews with members of the class as well as potential witnesses and consultations with

*Corp. (In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009) (consolidating ERISA actions despite underlying differences in the individual cases); *see also In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005) (consolidating substantially similar ERISA actions).

Humphries also attempts to distinguish his own case on the basis of a differing legal theory. However, he fails to articulate what his legal theory is or how it substantially differs from the other ERISA Actions. Moreover, Humphries indicated in his August 6, 2010 interested party response before the Panel in MDL No. 2189 that he supported transfer and coordination of the ERISA Actions to this Court. Notably, the plaintiffs in all seven ERISA Actions are in favor of transferring those actions to this Court.

Respondents Arshadullah and Pierce vaguely argue that there are certain differences in the claims filed that could impact the Motion.[4] Such differences do not outweigh the interests of judicial economy served by consolidation. Each of the ERISA Actions involve factual issues arising out of the events of April 22, 2010 on the Deepwater Horizon and the resulting oil spill in the Gulf of Mexico. Moreover, the actions share common legal claims, including, but not limited to Defendants' breaches of fiduciary duties of prudence, loyalty, duty to monitor and co-fiduciary duties, and losses to the Plans caused by those breaches.

---

financial/damages experts is continuing and the information gleaned from these efforts will be incorporated in the forthcoming consolidated ERISA complaint.

[4] In that same submission, Arshadullah and Pierce oppose consolidation of their action with all the BP oil spill-related cases and further oppose consolidation of their action with each of the other ERISA Actions on the basis that their action focuses on pre versus post-oil spill issues. In other words, Arshadullah and Pierce want to litigate their action separate and apart from the related ERISA Actions by focusing on allegations which prematurely decide, among other issues, when BP stock became an imprudent investment for the Plans. This argument does not outweigh the benefits of consolidation. Determining the appropriate date of imprudence at this time would require a premature determination of an issue that cannot be resolved without fact and expert discovery and is more properly suited for trial.

As Plaintiffs previously noted in their Motion, any differences regarding class periods, plans and defendants can be remedied by the filing of a consolidated complaint. Moreover, to the extent that there are any differences in the legal theories of the actions, *i.e.* pre and post-spill investments and events, those can and should be addressed in a consolidated complaint to avoid subjecting the class, the court and the parties from inconsistent and piecemeal litigation.

## CONCLUSION

For all of the foregoing reasons, this Motion should continue to receive consideration by this Court.

Dated: August 10, 2010

Respectfully submitted,

*s/ Marvin A. Miller*
Marvin A. Miller
Matthew E. Van Tine
**MILLER LAW LLC**
115 S. LaSalle Street
Suite 2910
Chicago, IL 60603
Tel: (312) 332-2400

*Proposed Interim Liaison Counsel for Plaintiffs*

Sanford P. Dumain
Lori G. Feldman
Arvind B. Khurana
**MILBERG LLP**
One Pennsylvania Plaza
New York, NY 10119
Tel: (212) 594-5300

Robert I. Harwood
Jeffrey M. Norton
Tanya Korkhov
**HARWOOD FEFFER LLP**
488 Madison Avenue, 8th Floor
New York, NY 10022
Tel: (212) 935-7400

W. Mark Lanier
Evan M. Janush
**THE LANIER LAW FIRM**
6810 FM 1960 West
Houston, TX 77069
Tel: (713) 659-5200

*Proposed Interim Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

      I, Marvin A. Miller, one of the attorneys for plaintiffs, hereby certify that on August 10, 2010, service of the foregoing ***MOVANTS' REPLY TO WHITLEY, MINEMAN, HUMPHRIES, ARSHADULLAH AND PIERCE'S RESPONSES TO PLAINTIFFS' MOTION FOR CONSOLIDATION AND COUNSEL APPOINTMENT***, was accomplished pursuant to ECF as to Filing Users and upon the following individuals via email:

Charles Robert Watkins
Futterman Howard Ashley
Watkins & Weltman, P.C.
122 S. Michigan Ave.
Suite 600
Chicago, IL 60603

Kristopher S. Ritter
Kirkland & Ellis LLP (Chicago)
300 N. LaSalle
Chicago, IL 60654

Aron J Frakes
Wilber H. Boies
McDermott, Will & Emery LLP (Chicago)
227 West Monroe Street
#4400
Chicago, IL 60606-5096

Ronald S Kravitz
Kim S. Zeldin
Liner Yankelevitz Sunshine &
Regenstreif LLP
199 Fremont Street
2000
San Francisco, CA 94105

Dona Szak
Thomas Robert Ajamie
Ajamie LLP
711 Louisiana
Suite 2150
Houston, TX 77002

Mitchell L. Marinello
Laura Elizabeth Towbin
Novack & Macey
100 North Riverside Plaza
Suite 1500
Chicago, IL 60606

Edwin J. Mills
Michael J. Klein
Stull, Stull & Brody
6 East 45th Street
Suite 500
New York, NY 10017

Robert D. Allison
Bruce C. Howard
Steven Paul Schneck
Robert D. Allison & Associates
122 South Michigan Avenue
Suite 1850
Chicago, IL 60603

                                                    */s/   Marvin A. Miller*
                                                       Marvin A. Miller