A CERTIFIED TRUE COPY
ATTEST
By L. Gouldie on October 29, 2010
US DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

FILED
OCT 29 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
OCTOBER 29, 2010
DAVID J. BRADLEY, CLERK OF COURT

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: BP SECURITIES, DERIVATIVE AND EMPLOYMENT
RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION     MDL No. 2189

IN RE: BP p.l.c. SECURITIES LITIGATION     MDL No. 2185

### ORDER DENYING TRANSFER IN MDL NO. 2189
### AND TRANSFERRING THE SUBJECT ACTIONS TO MDL NO. 2185

**Before the entire Panel**[*]: On July 15, 2010, plaintiff in an action (*Moule*) pending in the Northern District of Illinois moved, pursuant to 28 U.S.C. § 1407, to centralize, in that district, three ERISA actions which are brought by participants and/or beneficiaries of one or more BP employee retirement plans against, *inter alia*, various BP entities, officers, and directors, and which arise from those plans' investments in BP securities. The actions, which are listed on Schedule A, are the *Moule* action, another action (*Arshadullah*) pending in that same district, and a third action (*Whitley*) pending in the Southern District of New York.[1]

Following the Panel's July 29, 2010, hearing session, the Panel issued an order in MDL No. 2185, In re: BP p.l.c. Securities Litigation, in which it centralized, in the Southern District of Texas, a group of securities actions brought by investors in BP securities against several of the defendants (including, most notably, BP p.l.c. and BP America Inc.) also named in the ERISA actions. *See In re: BP P.L.C. Sec. Litig.*, ___ F.Supp.2d ___, 2010 WL 3238321 (J.P.M.L. Aug. 10, 2010). In its order in MDL No. 2185, the Panel stated that inclusion of the ERISA actions in that MDL might be appropriate. *See id.* at *2. The Panel therefore issued a separate order requiring the parties to the ERISA actions to show cause why those actions should not be transferred to the Southern District of Texas for inclusion in MDL No. 2185.

In response to the Panel's show cause order, the *Moule* plaintiff changed her position, and now supports inclusion of the ERISA actions in MDL No. 2185, as do responding defendants BP

---

[*] Any Panel member who is a potentially a member of a yet-to-be certified class in this litigation has renounced his or her participation in any such class, and has participated in this decision.

[1] The Panel has been notified of five additional related action, all of which are pending in the Northern District of Illinois. Those actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

p.l.c., BP America Inc., and BP Corp. North America Inc., and plaintiff in a potential tag-along action. The *Arshadullah* and *Whitley* plaintiffs, as well as plaintiffs in two other potential tag-along actions, however, oppose such inclusion, and, instead, advocate the position originally advanced by the *Moule* plaintiff – that the Panel create a separate BP ERISA MDL (which would be MDL No. 2189) in the Northern District of Illinois.

On the basis of the papers filed and the hearing session held, we find that these ERISA actions involve common questions of fact with the securities actions that we previously centralized in the Southern District of Texas. Like the securities actions, the ERISA actions involve allegations concerning the adequacy of BP's safety measures, the company's historical safety record, and the company's commitment (or lack thereof) to safe operations.[2] The securities plaintiffs assert that they purchased BP securities at inflated prices based on defendants' repeated assurances of BP's safe operations, but then suffered losses following the Deepwater Horizon explosion/fire and subsequent oil spill. Similarly, the ERISA plaintiffs allege that defendants breached their fiduciary duties to participants and/or beneficiaries of one or more BP employee retirement plans with respect to those plans' investments in those same securities, when defendants knew or should have known of serious and ongoing safety and maintenance problems at the company – problems that culminated in the Deepwater Horizon incident. Inclusion of the ERISA actions in MDL No. 2185 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on discovery disputes and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary.

Certainly, there are differences between the securities actions and the ERISA actions: (1) unlike the ERISA actions, the securities actions are governed by the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4, and thus subject to a heightened pleading standard and a possible stay of discovery; (2) a key issue in the ERISA actions (and one not present in the securities actions) is whether the BP securities were a prudent investment for the BP employee retirement plans; (3) the ERISA plaintiffs need not prove *scienter*; (4) the interests of plaintiffs in the ERISA actions (participants and beneficiaries of the BP employment retirement plans) are different from those of the investor-plaintiffs in the securities actions; and (5) remedies in ERISA actions are broader than those available in securities actions. Notwithstanding these differences, there is a significant factual overlap between the ERISA and securities actions warranting their centralization in a single docket. Section 1407 does not require a complete identity or even a majority of common factual and legal issues as a prerequisite to centralization. *See In re Avandia Mktg. Sales Practices and Prods. Liab. Litig.*, 543 F.Supp.2d 1376, 1378 (J.P.M.L. 2008). Our experience so far has taught us that combining these kinds of cases in one MDL has produced good results and efficiencies.

---

[2] Although the factual allegations in the *Arshadullah* complaint may be somewhat more narrowly focused than those found in the complaints in the other ERISA actions, we note that the *Arshadullah* plaintiffs themselves do not oppose inclusion of their action in a docket consisting of just the ERISA actions. In any event, the transferee judge has broad authority to structure pretrial proceedings to account for any differences that may exist among the involved actions. *See, e.g., In re Acacia Media Techs. Corp. Patent Litig.*, 360 F.Supp.2d 1377, 1379-80 (J.P.M.L. 2005).

We have frequently included securities and ERISA actions in one MDL docket. *See, e.g., In re: Zimmer Holdings, Inc., Sec., Derivative and Employment Ret. Income Sec. Act (ERISA) Litig.*, 626 F.Supp.2d 1319, 1320 (J.P.M.L. 2009); *In re Pfizer Inc. Sec., Derivative & "ERISA" Litig.*, 374 F.Supp.2d 1348 (J.P.M.L. 2005). And, in particular, we have previously denied requests for creation of a separate docket consisting only of the involved ERISA actions on at least three occasions. *See In re Delphi Corp. Sec., Derivative and "ERISA" Litig.*, 403 F.Supp.2d 1358, 1359-60 (J.P.M.L. 2005); *In re Unumprovident Corp. Sec., Derivative & "ERISA" Litig.*, 280 F.Supp.2d 1377, 1380 (J.P.M.L. 2003); *In re Worldcom, Inc., Sec. & "ERISA" Litig.*, 226 F.Supp.2d 1352, 1354 (J.P.M.L. 2002). Those plaintiffs opposing transfer of the ERISA actions to MDL No. 2185 have failed to persuade us that the circumstances of this litigation justify a different approach. They may raise their PSLRA-related and other concerns to the transferee judge, who is, of course, free to establish separate tracks for discovery and motion practice, if he deems such an approach appropriate. *See In re Pfizer Inc.*, 374 F.Supp.2d at 1350.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Southern District of Texas, and, with the consent of that court, assigned to the Honorable Keith P. Ellison for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL No. 2185.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.          Kathryn H. Vratil
David R. Hansen                W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.          Barbara S. Jones

IN RE: BP SECURITIES, DERIVATIVE AND EMPLOYMENT
RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION          MDL No. 2189

IN RE: BP p.l.c. SECURITIES LITIGATION                     MDL No. 2185

## SCHEDULE A

Northern District of Illinois

Charis Moule v. BP Corp. North America, Inc., et al., C.A. No. 1:10-3990
Syed Arshadullah, et al. v. BP, PLC, et al., C.A. No. 1:10-4026

Southern District of New York

Ralph Whitley v. BP, PLC, et al., C.A. No. 1:10-4935